GOTHARD, Judge.
Plaintiff, Charles P. Cole, filed suit on a promissory note against defendant, Pamela Mary Prestenbach Montaldo. Defendant reconvened seeking damages for wrongful conversion of jewelry. The trial court ruled in favor of plaintiff on the note, awarding the face value of the note plus interest from the date of demand and attorney’s fees. Judgment was rendered in favor of Montaldo for wrongful conversion of jewelry in the amount of $2500.00 together with legal interest from date of demand. The judgment also ordered immediate return of the jewelry to Montaldo. Cole sus- *532 pensively appeals that portion of the judgment finding him liable for wrongful conversion and ordering him to pay damages and return the jewelry. We affirm.
On December 6, 1985, defendant asked her long time friend, Charles Cole, for a personal loan. Cole agreed to lend Montal-do $6000.00. Arrangements were made for the two to meet at the office of Mr. Cole’s attorney, Frederick Earhart. Another close mutual friend of both parties, Barbara Wilson[1] (Earhart’s secretary) was also present. Mr. Cole testified he had made loans to friends in the past and was reluctant to extend the loan to Ms. Montal-do until Ms. Wilson convinced him otherwise.
Montaldo brought four items of her personal jewelry which she intended to use as collateral for the loan. She gave the jewelry to Ms. Wilson “to look at,’’ but did not give it to Mr. Cole. Ms. Montaldo testified that when she was presented with a promissory note to sign and no mention of the jewelry was made, she assumed the jewelry would not be required as a pledge. She further testified she was surprised at the request for a formal promissory note, since no such requirement was made in previous transactions.
The note, which was made part of the record, is a demand note payable to bearer which bears interest of 8% at maturity. There is neither an indication of pledge in the note, nor a separate, written contract of pledge. In his testimony Mr. Cole stated that while the pledge was discussed, no contract of pledge was executed.
Demand for payment on the note was made on September 14, 1987. Both parties admit the amount due on the note has not been paid. Ms. Montaldo testified that she had difficulty contacting Mr. Cole, who had since moved to Florida. Mr. Cole disputes this, stating that he has a son living in Madisonville.
Ms. Montaldo subsequently married Johnny Buceóla. Mr. Buceóla telephoned Mr. Cole at his Florida residence on several occasions to demand the return of the jewelry. Mr. Cole testified that “he (Mr. Buc-eóla) was trying to shake me down for the jewelry.... I said, well, you’ll get that jewelry when hell freezes over.”
After the testimony the trial court found for Mr. Cole on the promissory note and for Ms. Montaldo on the reconventional demand for conversion of jewelry. The only issue on appeal is whether the trial court was correct in its finding that no pledge of the jewelry existed.
Louisiana Civil Code Article 3133 defines pledge as “a contract by which one debtor gives something to his creditor as a security for his debt.” Every lawful obligation may be enforced by the auxiliary obligation of pledge. LSA-C.C. art. 3136. There are four requirements for a valid pledge:
1. There must be a valid principal.
2. The pledgor must have an ownership interest in the thing pledged.
3. The pledgee must be put in possession of the property pledged.
4. There must be an • oral or written contract of pledge.
Alley v. Miramon, 614 F.2d 1372, 1382 (5th Cir.1980). (citations omitted)
Although a contract of pledge does not have to be in writing, some oral agreement is required. There must be an intent to form a contract of pledge, and a meeting of the minds to perfect such a contract. Franklin v. Bridges Loan & Inv. Co., Inc., 371 So.2d 294 (La.App. 2nd Cir.1979).
Here Ms. Montaldo testified that, although she brought the jewelry with the intent to offer it as a pledge for the loan, neither Mr. Cole nor his attorney requested delivery of the jewelry. The loan was secured with a promissory note signed in the attorney’s office. There was no discussion of a pledge at that time. The jewelry remained in the outer office where Ms. Wilson was “looking at it.” Mr. Cole testi *533 fied that there were several discussions with Ms. Montaldo “over the phone” about the pledge of the jewelry but admits that when she brought the jewelry to the attorney’s office he did not want to look at it.
Ms. Montaldo testified that she originally offered the jewelry as collateral but realized when she got to the office that a promissory note, rather than jewelry, would be used to secure the debt. There is no indication from the record why Ms. Mon-taldo did not leave with her jewelry after the transaction was completed.
The trial court found that there was no meeting of the minds sufficient to perfect a contract of pledge. The court found further that Mr. Cole was aware that problems existed with the pledge. Under the factual circumstances of this case we do not believe the findings of the trial court are clearly erroneous and, therefore, we affirm the judgment in all respects at appellant’s cost.
AFFIRMED.

. Ms. Wilson signed her name as "Barbara Cole," when she witnessed the signing of the promissory note. Ms. Montaldo testified Ms. Wilson and Mr. Cole were not married at that time. Mr. Cole testified that he married Barbara Wilson but he can’t remember where or when.